# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIO MCKENZIE-GAINZA, | Case No. 1:23-cv-00187-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | |
| FCI MENDOTA WARDEN, | (ECF No. 10) |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the petition, Petitioner asserts that the Federal Bureau of Prisons ("BOP") is unlawfully excluding Petitioner from applying his First Step Act ("FSA") earned time credits ("FTCs"). (ECF No. 1 at 6.)[1] Respondent has moved to dismiss the petition, asserting (among other grounds) that there is no case or controversy because Petitioner has been awarded FTCs that have been applied and resulted in an advanced release date from BOP custody. (ECF No. 10

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

at 3.) To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, the record establishes that Petitioner is eligible to apply FTCs, which has resulted in an advanced projected release date of February 1, 2027, when 365 days of FSA credits are applied. (App. 006.)[2] Given that Petitioner has received the remedy he requested in his petition, the Court finds that no case or controversy exists and dismissal is warranted on this ground.[3]

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 10) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

---

[2] "App." refers to the Appendix filed by Respondent on June 8, 2023. (ECF No. 10-1.) Appendix page numbers refer to the page numbers stamped at the bottom of the page.

[3] In light of this conclusion, the Court declines to address Respondent's other grounds for dismissal set forth in the motion to dismiss.

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 24, 2023**

UNITED STATES MAGISTRATE JUDGE